**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRUCESTAN T. JORDAN** | ] | |
| **Petitioner,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:10-0174** |
| | ] | **Judge Echols** |
| **UNITED STATES OF AMERICA** | ] | |
| **Respondent.** | ] | |

**O R D E R**

The Court has before it a *pro se* prisoner petition (Docket Entry No. 1) under 28 U.S.C.

§ 2241, for writ of habeas corpus.

The petitioner is an inmate at the Federal Correctional Institution in Miami, Florida. He

brings this action challenging his convictions for mail fraud and aggravated identity theft.[1]

Venue for a § 2241 petition is proper in the judicial district within whose territorial

jurisdiction the petitioner's custodian can be found. In re Gregory, 181 F.3d 713 (6th Cir. 1999). In

this case, the petitioner's custodian is the Warden of the Federal Correctional Institution in Miami.

Venue for this action, therefore, is not proper in this judicial district.

Normally, a petition that has been filed in the wrong judicial district is transferred to the

judicial district in which venue properly lies. In this case, however, the petitioner has neglected to

name his custodian as a respondent to this action. Moreover, the petitioner is attempting to proceed

under § 2241 when a challenge to a conviction should, except under the most exceptional

---

[1] United States of America v. Jordan, No. 3:06-cr-00165-1 (M.D. Tenn.)(Trauger, J., presiding).

circumstances, be brought pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(e); <u>United States v. Peterman</u>, 249 F.3d 458, 461 (6th Cir. 2001). As a consequence, the petition appears to be fatally flawed and, as dictated by the need for judicial economy, should not simply be transferred to another district court. Accordingly, this action is hereby DISMISSED without prejudice for improper venue. 28 U.S.C. § 1406(a).

It is so ORDERED.


Robert L. Echols
United States District Judge